COMMONWEALTH *vs.* RONALD J. ROWE. July 9, 1984. *Rape. Indecent Assault and Battery. Practice, Criminal,* Indictment. *Jurisdiction,* Criminal proceeding. *Constitutional Law,* Double jeopardy.

On an indictment for statutory rape (G. L. c. 265, § 23) of a fifteen year old child, the defendant was convicted by the jury of indecent assault and battery of a person fourteen years of age or older (G. L. c. 265, § 13H, inserted by St. 1980, c. 459, § 5). The defendant argues that the judge erred

in failing to instruct the jury that lack of consent by the victim was an element of the latter offense. (The trial was had before the decision of the Supreme Judicial Court in *Commonwealth* v. *Burke*, 390 Mass. 480, 484 n.4 [1983], which so held.)

The problem with the conviction is more far reaching. Lack of consent is not an element of statutory rape, and it follows that indecent assault and battery is not an offense included within the indictment. See *Commonwealth* v. *Rodriguez*, 11 Mass. App. Ct. 379, 380-382 (1981), and cases cited. We must consider the point on our own motion, because the scope of the indictment goes to the jurisdiction of the Superior Court. *Commonwealth* v. *Burns*, 8 Mass. App. Ct. 194, 196 (1979). It is immaterial that the defendant, by requesting the lesser-included-offense instruction, "invited" the error (see *Lannon* v. *Commonwealth*, 379 Mass. 786, 792-793 [1980]), because the parties may not by consent, conduct, or waiver confer jurisdiction on the court. *Second Bank-State Street Trust Co.* v. *Linsley*, 341 Mass. 113, 116 (1960). *Tosti* v. *Ayik*, 386 Mass. 721, 725 (1982). However, the fact that the court had no jurisdiction under the present indictment to convict and sentence the defendant for indecent assault and battery means that the defendant was not put in jeopardy with respect to that offense and thus may now be tried for that offense on a new indictment so charging. *Commonwealth* v. *Roby*, 12 Pick. 496, 501 (1832). *Commonwealth* v. *Gosselin*, 365 Mass. 116, 122 (1974). *Commonwealth* v. *Burns, supra* at 198 n.2.

> *Judgment reversed.*
> *Verdict set aside.*
> *Judgment for the defendant.*

*John C. Gates* for the defendant.

*Charles K. Stephenson*, Assistant District Attorney, for the Commonwealth.