COMMONWEALTH *v.* DAVID A. WILLIAMS. August 28, 1984. *Practice, Criminal,* Severance. *Rape.*

In the early morning hours of June 30, 1982, the defendant and an accomplice broke into two homes, one in Marshfield and the other in

---

[1] See *Commonwealth* v. *Cullen,* 8 Mass. App. Ct. 910 (1979).

Pembroke. At the time of the two breaks, the Marshfield dwelling was occupied by a seventy-two year old widow and the Pembroke dwelling was occupied by another elderly widow. Both women were assaulted and robbed. The first victim was raped. The other victim was choked, beaten, and knocked unconscious by her assailants.

The defendant was indicted on two counts of armed robbery, armed assault in a dwelling house, armed burglary and assault, and single counts of aggravated rape, assault with intent to murder, assault by means of a dangerous weapon, unlawful carrying of a firearm, and assault by means of a deadly weapon upon a person aged sixty-five or older. Prior to trial, the defendant filed a motion to sever the indictments relating to the Marshfield incident from those relating to the Pembroke incident. The motion was denied by the trial judge. After a six-day jury trial, the defendant was found guilty on ten of the eleven indictments. The defendant appeals from those convictions. There was no error.

1. *Motion for Relief from Prejudicial Joinder.*

After argument the trial judge denied the defendant's motion to sever on the ground that the Commonwealth had shown that the offenses were related and that they constituted a single course of conduct. See Mass.R.Crim.P. 9(a)(1), 378 Mass. 859 (1979). "Whether or not indictments joined for trial should be severed is a matter within the sound discretion of the judge." *Commonwealth* v. *Doyle,* 5 Mass. App. Ct. 544, 547 (1977). *Commonwealth* v. *Gallison,* 383 Mass. 659, 671 (1981). The defendant has not shown that the judge abused his discretion. Nor has the defendant shown that the arousal of sympathy or passion in the jury here was likely to be extraordinary or that prejudice, if any, would exceed what should be expected in any case where similar offenses have been properly joined. See *Commonwealth* v. *Sylvester,* 13 Mass. App. Ct. 360, 361-362 (1982), *S.C.,* 388 Mass. 749 (1983), where "revulsion" in the context of severance is discussed.

It is the general rule that joinder is warranted where "the offenses constitute a single line of conduct, grow out of essentially one transaction, and would be proved by substantially the same evidence." *Commonwealth* v. *Hoppin,* 387 Mass. 25, 33 (1982), quoting from *Commonwealth* v. *Gallison,* 383 Mass. at 671. See *Commonwealth* v. *Blow,* 362 Mass. 196, 200 (1972). In this case, the offenses with which the defendant was charged were closely related in time and location and were of the same general nature. See *Commonwealth* v. *Cruz,* 373 Mass. 676, 690 (1977). Both incidents transpired in the early morning hours of January 30, 1982. The victims in each instance were elderly widows who lived alone. The method and means of entry into each dwelling were very similar. Both breaks involved an assault by means of a deadly weapon (a gun) and a robbery. Evidence of either offense would have been admissible in the trial of the other as tending to show a common scheme, plan or method of action bearing on the crimes charged. See *Commonwealth* v. *King,* 387 Mass. 464, 471 (1982); *Commonwealth* v. *Hoppin,* 387 Mass. at 33. The judge

accepted the Commonwealth's representation that it would introduce substantially the same evidence in both cases. See *Commonwealth* v. *Cruz,* 373 Mass. at 691. Moreover, many of the Commonwealth's witnesses would have testified at both trials. See *Commonwealth* v. *Hoppin,* 387 Mass. at 32. We conclude that "[s]everance would serve no purpose in this circumstance, because each jury would hear evidence of both offenses." *Commonwealth* v. *Hoppin,* 387 Mass. at 33.

The defendant's second argument is that the joinder of the two cases impermissibly infringed upon his constitutional right to testify in his own defense concerning the Marshfield incident by making prohibitive the cost of the coerced surrender of his privilege against self-incrimination concerning the Pembroke incident. The reasoning of *Baker* v. *United States,* 401 F.2d 958 (D.C. Cir. 1968), cert. denied, 400 U.S. 965 (1970), persuades us with respect to this argument. In *Baker* the court held that no need for a severance exists until the defendant makes a convincing showing that he had both important testimony to give concerning one count and a strong need to refrain from testifying about the other count. In the absence of such a showing, the trial judge usually is unable to determine if the assertion of the need for severance is genuine and to weigh intelligently the considerations of judicial economy and expedition against the defendant's interest in having a free choice with respect to testifying. *Id.* at 976-978. The court in *Baker* reasoned that "[i]n making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine." *Id.* at 977.

At the hearing on the severance motion, the defendant did not present any information as to the nature of the testimony he proposed to give in the Marshfield case or any reason for desiring to remain silent in the Pembroke case. Indeed, defense counsel only asserted that her client "might very well" testify and that the defendant "can't take the stand on that one [Marshfield] if it's going to cause a problem with the second incident [Pembroke]." These representations were ephemeral and did not meet the "convincing showing" standard of *Baker*. Contrast *Cross* v. *United States,* 335 F.2d 987, 990 (D.C. Cir. 1964), where the court held that the defendant was prejudiced by nonseverance of two counts of robbery because the defendant had demonstrated that he had important and persuasive testimony to give with respect to count II in contrast with his testimony on count I, which was evasive and unconvincing.

2. *Motion for Required Finding of Not Guilty.*

The defendant claims that the trial judge committed error by denying his motion for a required finding of not guilty on the rape charge since the evidence was insufficient for a rational jury to find beyond a reasonable doubt that the defendant and not the other alleged intruder had committed the rape.

We have examined all the evidence introduced in the Commonwealth's case and are satisfied that the evidence meets the test enunciated in *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979). The jury reasonably could find that only the defendant fit the rape victim's description of her assailant as being six feet tall and slender. The accomplice was shorter and stockier. For this reason, if no other, identification was established.

*Judgments affirmed.*

*Brownlow M. Speer* for the defendant.

*Mary Ellen O'Sullivan,* Assistant District Attorney, for the Commonwealth.