## COMMONWEALTH *vs.* DAVID REID.

Berkshire. June 11, 1986. — October 1, 1986.

Present: ARMSTRONG, KASS, & WARNER, JJ.

*Evidence*, Prior convictions, Judicial discretion. *Practice, Criminal,* Impeachment by prior conviction, Assistance of counsel, Indictment. *Indecent Assault and Battery.*

Where at the trial of indictments charging statutory rape and assault and battery the prosecution introduced records of fourteen prior convictions, including five involving assaults or threats, to impeach the defendant's credibility; where, as a result of defense counsel's failure to file a motion in limine to exclude the convictions or to make an objection to their admission, the trial judge was not called upon to exercise his discretion with respect to the admission of each conviction; and where the evidence of the defendant's guilt was far from overwhelming, it was held that there was a risk of a miscarriage of justice requiring a new trial. [733-735]

At the trial of an indictment charging statutory rape and abuse of a child under sixteen years of age, the judge did not err in refusing to instruct the jury on indecent assault and battery on a child under fourteen as a lesser included offense. [736]

INDICTMENTS found and returned in the Superior Court Department on February 19, 1985.

The cases were tried before *Raymond R. Cross*, J.

*Francis X. Spina* for the defendant.

*Lee Diane Flournoy*, Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J. The defendant was found guilty on indictments charging statutory rape and abuse of a child under sixteen years of age (G. L. c. 265, § 23) and assault and battery (G. L. c. 265, § 13A). The defendant testified in his own behalf, and the Commonwealth began its cross-examination by impeaching the defendant with prior convictions, fourteen in number, of which five involved assaults or threats (the defendant denied one) and four could be considered to have a particular bearing

on general honesty: namely, possession of stolen property, receiving stolen property, uttering a forged check, and breaking and entering in the nighttime and stealing goods of a value less than $100. Counsel for the defendant (not the same as appellate counsel) had not filed a motion in limine to exclude the convictions, and he did not object to their introduction.

The trial took place in September, 1985, eight years after the Supreme Judicial Court had ruled that trial judges had discretion to exclude prior convictions (*Commonwealth* v. *Chase*, 372 Mass. 736, 750-751 [1977]) and more than a year after it had been held that judges were obliged to exercise that discretion (by applying to the circumstances of the particular case a balancing of prejudice against probative force) and that that exercise was reviewable on appeal. *Commonwealth* v. *Maguire*, 392 Mass. 466, 467-470 (1984).[1] Several months earlier the Supreme Judicial Court had indicated that it might have reversed a conviction where the judge had permitted the Commonwealth to impeach the defendant with a conviction of the same crime as that charged, had it not reversed the conviction on another ground. *Commonwealth* v. *Elliot*, 393 Mass. 824, 833-834 (1985). In a then-pending appeal in a case which had been tried a year before this trial, the Supreme Judicial Court was about to reverse a conviction due to a judge's misevaluation of the factors for and against the use of the conviction for impeachment purposes. *Commonwealth* v. *Guilfoyle*, 396 Mass. 1003 (1985).

Since the *Maguire* case, it has been clear that the discretion call which the judge is required to make is not in the nature of a referendum for or against the purpose of the statute (G. L. c. 233, § 21, permitting prior convictions to be shown to impeach a witness's credibility). Rather, the judge is called upon to weigh "the probative value of the evidence of a prior conviction for the purposes of impeachment" against "the

---

[1] *Commonwealth* v. *McFarland*, 15 Mass. App. Ct. 948 (1982), had previously held that there was reversible error if the judge declined to exercise discretion in the belief that the statute (G. L. c. 233, § 21) gave him no discretion. This position had been supported in *Commonwealth* v. *Knight*, 392 Mass. 192, 193-194 (1984).

danger of unfair prejudice." 392 Mass. at 470. Striking that balance necessarily implies a particularized consideration, on a conviction-by-conviction basis, of the value of each conviction for strictly impeachment purposes, the likely bearing that each might have on the defendant's credibility, the probable prejudice to the defendant beyond its effect on his credibility, and the practical alternative in the particular case to the defendant's being a witness in his own behalf. Multiple prior convictions present an additional consideration to be weighed in the balance. Like most cumulative evidence, the marginal value of successive convictions for impeachment purposes tends to diminish, while the danger paradoxically increases that the jury will conclude that the defendant is an incurable criminal from whom society deserves protection regardless of any doubts they might have concerning his guilt of the particular offense charged.

Where the defendant's criminal record is limited to offenses having a similarity to that for which he is being tried, the trial judge may be faced with a particularly intractable problem, because a degree of improper prejudice must be risked unless the Commonwealth is to be foreclosed from impeaching the defendant's credibility in the manner approved by the statute. See *Commonwealth* v. *Elliot*, 393 Mass. at 832-834, and at 834-835 (Lynch, J., concurring); *Commonwealth* v. *Ruiz, ante* 297, 303-304, further appellate review granted, 398 Mass. 1102 (1986). On the other hand, where the defendant's criminal record is extensive and varied, the judge's task of applying the balancing test of *Commonwealth* v. *Maguire* is made correspondingly easier. Here, the decisions have recommended a commonsense, pick-and-choose approach, whereby some prior convictions may be admitted, especially those relating to honesty, but others may be kept out, such as those similar to the offenses charged or those which go beyond the limited, proper purpose of casting doubt on the defendant's credibility. *Commonwealth* v. *Gonzalez, ante* 274, 276 n.3 (1986). *Commonwealth* v. *Ruiz, ante* at 304. See *Gordon* v. *United States*, 383 F.2d 936, 940 (D.C. Cir. 1967), cert. denied, 390 U.S. 1029 (1968), cited with approval in *Commonwealth* v. *Diaz*, 383

Mass. 73, 81 (1981); *United States* v. *Henry*, 528 F.2d 661, 667 & n.20 (D.C. Cir. 1976). Compare also *United States* v. *Gaus*, 471 F.2d 495, 499 (7th Cir. 1973).

Following that commonsense approach, the trial judge in this case, had he been asked to rule on the admissibility of prior convictions, would not have had a difficult discretion call. Four prior convictions related directly to honesty (forgery, theft, etc.). Their admission would have served the statutory purpose of informing the jury that there were objective grounds to doubt the trustworthiness of the defendant's testimony. Certain of the convictions were particularly likely to lead the jury towards the forbidden inference that the defendant was prone to assaultive behavior and was therefore more likely guilty of the assault charged. The use of all fourteen convictions would run the unnecessary risk of planting the thought that the defendant was incurably addicted to criminal behavior and that his incarceration was probably justified on *some* ground.

In this situation, applying common sense to the facts in light of the case law at the time, we think that many judges would probably have exercised their discretion to admit the offenses bearing particularly on honesty and kept out at least those prior convictions of purely assaultive offenses.[2] Conscientious adherence to the *Maguire* concept of balancing, in a case where it was easy to strike a fair balance between probative force (for a proper purpose) and improper prejudice, would have minimized the likelihood of an across-the-board denial of a motion in limine.

Here, the trial judge was not called upon to exercise his discretion. No motion in limine was made before trial, and no objection was made at trial. The prosecutor did not forewarn

---

[2] Contrast *Commonwealth* v. *Dwyer, ante* 724, 726-728 (1986), decided this day, in which the trial judge denied an in limine motion to exclude prior convictions similar in nature to the charges being tried. The judge's action in that case may have been influenced in part by the failure of the defendant to furnish the judge with the detail necessary to a fully informed exercise of discretion (see *Commonwealth* v. *Gonzalez, ante* at 279-280) and in part by the defendant's announced intention to impeach the victim with prior convictions similar in nature to those the defendant sought to exclude from being used against himself.

the judge that the litany of prior convictions would extend to fourteen before it ended. The result was that the defendant was deprived of the particularized consideration of the factors for and against admission of each conviction to which the cases have held he was entitled. If the reason for that deprivation had been a failure by the judge to understand that he had discretion, it has been clear since the *McFarland* case that we would have to reverse the convictions. The deprivation was no less real because the cause was a simple failure by counsel to ask for a ruling.

The evidence pointing to the defendant's guilt was far from overwhelming. The competency of the youthful victim (five years old at trial) was a close question.[3] Her testimony, often uncertain and vacillating, had to be elicited by an excruciatingly slow process of leading questions, and the evidence of penetration was left sufficiently unclear as to give some credence to the defendant's argument on appeal that a motion for a required finding of not guilty would have been appropriate. There was testimony at the trial, and much evidence adduced in support of the motion for a new trial, to support the view that the victim was the subject of sexual abuse by others in the mother's circle of acquaintances and that the defendant's opportunities to engage in such behavior in secret had been limited. The defendant had little alternative to testifying: as is normally true in sexual assault cases, the alleged victim and the defendant were the only possible eyewitnesses. In short, we are concerned that in what seems on the evidence to have been a close case the use of the defendant's entire record of prior convictions may have led to a miscarriage of justice. Our concern is not lessened when we look at the defendant's criminal record: it is obviously extensive, but none of the prior offenses had sexual overtones or suggestions of child abuse.[4]

---

[3] The judge's ruling on the question was not erroneous. See *Commonwealth* v. *Brusgulis*, 398 Mass. 325, 329-330 (1986), and cases cited; *Commonwealth* v. *Baran*, 21 Mass. App. Ct. 989, 990-991 (1986), and cases cited.

[4] This fact has some tendency to mitigate the risk of a miscarriage of justice, but the countervailing considerations are (1) that there is a similarity

It is not necessary to pinpoint blame more precisely. The fact that counsel performed well in other respects does not necessarily immunize a particular oversight of sufficient weight from being treated in the circumstances as ineffective assistance of counsel. Compare *Commonwealth* v. *Rossi*, 19 Mass. App. Ct. 257, 260 (1985). The danger of a miscarriage of justice might have been avoided if the prosecution had reacted to the omission with less zeal and more concern for "consisten[cy] with justice," *Commonwealth* v. *DiMarzo*, 364 Mass. 669, 683 (1974) (Hennessey, J., concurring). See *Commonwealth* v. *Redmond*, 370 Mass. 591, 597 (1976); *Commonwealth* v. *Young, ante* 452, 458 (1986) (Brown, J., concurring). Certainly both counsel should have been aware at the time of trial that impeachment by prior convictions had become a particularly sensitive area.[5] Contrast *Commonwealth* v. *Miranda, ante* 10, 20 (1986). Regardless of blame, the critical facts in our view are that the defendant was denied a very real procedural protection through no fault of his own and that there exists a correspondingly real risk that the jury may have been unduly influenced in their consideration by what would seem to a layman an extraordinary number of prior convictions of the defendant. We think that the defendant is entitled to a new trial at which the use of each of his prior convictions for impeachment purposes will be separately subjected to a considered exercise of discretion by the trial judge. This is a case where "better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977). *Cepulonis* v. *Commonwealth*, 384 Mass. 495, 502 (1981).

---

between the prior assaultive convictions and the charge of assault and battery which was being tried and (2) that the large numbers of prior convictions might result in the jury's writing the defendant off as an incurable criminal.

[5] Should defense counsel fail to make a motion in limine or otherwise question the admissibility of prior convictions for impeachment purposes, a prosecutor alert to the sensitivity of prior convictions might do well to apprise the judge and defense counsel of his intentions and the nature of the convictions before offering them in evidence. See *Commonwealth* v. *Repoza*, 382 Mass. 119, 135 n.8 (1980); *Commonwealth* v. *Wooldridge*, 19 Mass. App. Ct. 162, 163, and at 173 (Brown, J. concurring) (1985).

We mention a point that may come up at retrial. The judge correctly refused to instruct on indecent assault and battery on a child under fourteen as a lesser included offense, not only for the reason stated in *Commonwealth* v. *Rowe*, 18 Mass. App. Ct. 926 (1984), but for the reason that the indictment specified the charge as sexual intercourse with a child under the age of *sixteen*. A word should be said concerning the *Rowe* case. A statute passed in this year's legislative session, St. 1986, c. 187, has amended G. L. c. 265, § 13B, so as to undermine the application to that section of the principles stated in *Commonwealth* v. *Burke*, 390 Mass. 480, 484-485 (1983), and the *Rowe* case: The charge of indecent assault and battery on a child under the age of fourteen will no longer have as an element lack of consent by the child. However, that statutory change would not affect the defendant's criminal responsibility for incidents which occurred prior to its effective date.

*Judgments reversed.*

*Verdicts set aside.*