COMMONWEALTH *vs.* DAVID A. WILLIAMS.

Plymouth. January 9, 1987. — March 27, 1987.

Present: DREBEN, KAPLAN, & WARNER, JJ.

*Rape. Robbery. Practice, Criminal,* Sentence, Instructions to jury.

In the case of a defendant convicted and sentenced on multiple indictments
    charging crimes committed during separate instances of breaking and
    entering the homes of two elderly women, consecutive sentences for the
    armed robbery of one victim and the aggravated rape of the same victim
    could not lawfully be imposed in circumstances where the armed robbery
    was the aggravating element of the rape conviction; consequently, the
    sentence on the armed robbery conviction was vacated and the case
    remanded for a new sentencing hearing which in no event was to result
    in an increase in the aggregate of the original sentences. [718-720]
There was no merit to the contention by a criminal defendant charged on
    an indictment for rape committed "during the commission of an offense
    defined in either Section 15A [assault and battery by means of a dangerous
    weapon] or 17 [armed robbery] of Chapter 265 of the Massachusetts
    General Laws," that the judge's unobjected-to instructions allowed the
    jury to find him guilty of aggravated rape on an element of the offense
    not alleged in the indictment, where the indictment properly charged
    aggravating elements under G. L. c. 265, § 22 (*a*), the judge properly
    instructed the jury on one of those elements (armed robbery), and the
    jury convicted the defendant of armed robbery. [720-721]

INDICTMENT found and returned in the Superior Court Department on July 13, 1982.

Following review by this court, 18 Mass. App. Ct. 945 (1984), a motion for postconviction relief, filed on July 17, 1986, was considered by *Robert L. Steadman,* J.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*Ann E. Rascati,* Assistant District Attorney, for the Commonwealth.

WARNER, J. After a jury trial in the Superior Court, the defendant was convicted on ten of eleven indictments charging crimes occurring during early morning breaks on June 30,

1982, into the homes of two elderly widows. The defendant's convictions were affirmed by this court in *Commonwealth* v. *Williams,* 18 Mass. App. Ct. 945 (1984). The defendant's sentence appeal to the Appellate Division of the Superior Court was subsequently dismissed. On July 17, 1986, the defendant filed a motion for postconviction relief pursuant to Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979). From the denial without a hearing of that motion by the trial judge, the defendant appeals.

The defendant was sentenced to M.C.I., Walpole (now Cedar Junction), to a term of twenty to thirty years for armed assault of victim no. 1 in a dwelling house, and to concurrent terms of twenty to thirty years for armed robbery of victim no. 1 and for armed assault in a dwelling house and armed robbery of victim no. 2. The defendant received lesser sentences on the remaining five convictions, all to run concurrently with the sentence on the conviction for the armed assault in a dwelling house of victim no. 1. In addition, the defendant was sentenced to life imprisonment on a conviction of aggravated rape of victim no. 1, that sentence to be served from and after the four (three concurrent with the first) twenty to thirty year sentences. In his motion for postconviction relief and in this appeal, the defendant argues that the consecutive sentence for aggravated rape was unlawful because (1) consecutive sentences for armed robbery and aggravated rape of victim no. 1 could not be imposed where the armed robbery was the aggravating element of the rape conviction; and (2) the judge's instructions allowed the jury to find the defendant guilty of aggravated rape on an element of the offense not alleged in the indictment.[1]

The indictment charging the defendant with rape of victim no. 1 stated that the rape was committed "during the commis-

---

[1] The Commonwealth does not challenge the manner in which the defendant raises these issues. See Mass.R.Crim.P. 30(a); *Gallinaro* v. *Commonwealth,* 362 Mass. 728, 734-735 (1973); *Commonwealth* v. *Layne,* 21 Mass. App. Ct. 17, 19 (1985). Cf. *Commonwealth* v. *Stewart,* 375 Mass. 380, 393 (1978); *Commonwealth* v. *Miranda,* 22 Mass. App. Ct. 10, 14 (1986). Compare *Commonwealth* v. *Ambers,* 397 Mass. 705, 710 n.6 (1986).

sion of an offense defined in either Section 15A [assault and battery by means of a dangerous weapon] or 17 [armed robbery] of Chapter 265 of the Massachusetts General Laws." A rape which occurs during the commission of either of the specified crimes (among others) constitutes aggravated rape, G. L. c. 277, § 39, as amended by St. 1980, c. 459, § 8, and an offender may be punished by penalties more severe than in the case of a conviction of simple rape. G. L. c. 265, § 22, as appearing in St. 1980, c. 459, § 6. At a charge conference, it was agreed that the rape indictment would go to the jury with armed robbery as the aggravating factor, and the judge so instructed the jury.[2] As noted, the jury returned verdicts of guilty on both the armed robbery and the aggravated rape indictments.

1. In a series of felony-murder cases, the Supreme Judicial Court has held that, under our general common law rule, "where convictions are returned under two statutes, unless '*each* statute requires proof of an additional fact which the other does not,' consecutive sentences may not be imposed" (emphasis supplied). *Commonwealth* v. *Wilson,* 381 Mass. 90, 124 (1980), quoting from *Morey* v. *Commonwealth,* 108 Mass. 433, 434 (1871). See *Commonwealth* v. *Stewart,* 375 Mass. 380, 390-393 (1978); *Commonwealth* v. *Cameron,* 385 Mass. 660, 670 (1982); *Shabazz* v. *Commonwealth,* 387 Mass. 291, 293-295 (1982); *Commonwealth* v. *Ambers,* 397 Mass. 705, 710 (1986). The defendant argues that, under the "same evidence" rule, consecutive sentences could not be imposed on the armed robbery and aggravated rape of victim no. 1 convictions, as the conviction for armed robbery required proof of no fact additional to those necessary for the conviction of rape during the commission of armed robbery. We agree. See *Commonwealth* v. *Wilson, supra* ("[W]henever the possibility exists that a jury might have reached a verdict of murder in the first degree on the basis of a felony-murder theory, a consecutive sentence may not be imposed for the underlying felony"). As in *Shabazz* v. *Commonwealth, supra* at 294, "we find no 'clear

---

[2] Another aspect of the judge's instructions on aggravated rape is discussed in part 2 of this opinion.

indication' (*Albernaz* v. *United States,* [450 U.S. 333, 340 (1981)] of a legislative intent, contrary to our general common law rule, to impose multiple punishments for these two crimes."

The defendant contends that the appropriate remedy is to vacate the consecutive sentence imposed on the aggravated rape conviction and to order that the sentence be reimposed to run concurrently with the sentence for armed robbery.[3] This is similar to the dispositions which have been ordered in the felony-murder cases just cited. Compare, for situations where concurrent sentences were held to be improper, *Kuklis* v. *Commonwealth,* 361 Mass. 302, 309 (1972); *Commonwealth* v. *White (No. 2),* 365 Mass. 307, 311 (1974), cert. denied, 419 U.S. 1111 (1975); *Commonwealth* v. *Jones,* 382 Mass. 387, 395 (1981) ("We now conclude . . . that the protection against multiple punishments embodied in the *Morey* test for duplicitous convictions extends as well to the imposition of concurrent sentences for what amounts to the same offense"). See *Commonwealth* v. *Crocker,* 384 Mass. 353, 358 n.6 (1981); *Commonwealth* v. *Levia,* 385 Mass. 345, 349 n.3 (1982); *Stewart* v. *Commissioner of Correction,* 16 Mass. App. Ct. 57, 58 n.2 (1983). ("It appears . . . that in the felony-murder context the Supreme Judicial Court has not considered the principles of *Commonwealth* v. *Jones* [, *supra,*  to be applicable. Thus the 'same evidence' rule in this context bars a consecutive sentence but, as yet, not a concurrent one"). Contrast *Commonwealth* v. *Rivera,* 397 Mass. 244, 252-254 (1986); *Commonwealth* v. *Vasquez,* 11 Mass. App. Ct. 261, 267-268 (1981); *Commonwealth* v. *Sumner,* 18 Mass. App. Ct. 349, 352-353 (1984).

In the circumstances, we do not accept the defendant's suggested disposition, although we agree that any sentence imposed on the armed robbery of victim no. 1 conviction must run concurrently with that on the aggravated rape conviction. There is no argument that the life sentence for aggravated rape, as it was to run from and after the sentence for armed assault

---

[3] See part 2 of this opinion for a discussion of the defendant's argument that the aggravated rape conviction itself should be reduced.

of victim no. 1 in a dwelling house and the concurrent sentences for armed robbery and armed assault in a dwelling house of victim no. 2, is unlawful. Moreover, the sentence for armed robbery of victim no. 1 could have been imposed, consistently with the dispositions in the felony-murder cases, to run concurrently with the aggravated rape sentence. The former sentence would then also have been consecutive to the underlying sentences. We think it proper in this case to order that the sentence on the armed robbery of victim no. 1 conviction be vacated and that a new sentencing hearing be held. If the Superior Court judge determines that there will result no increase in the aggregate of the original sentences, see *Shabazz* v. *Commonwealth,* 387 Mass. at 295-296, he may resentence on the armed robbery conviction for the original or a lesser term, the sentence to run concurrently with the sentence for aggravated rape. If the judge determines that there would be such an aggregate increase, he shall place the armed robbery conviction on file without sentencing.

2. In his instructions to the jury, the judge told them that they could find the defendant guilty of aggravated rape if they found a rape committed during the commission of an armed robbery or one which resulted in serious bodily injury. See G. L. c. 265, § 22(*a*). The aggravating element of "serious bodily injury" was not charged in the indictment. The defendant did not object to the instruction in this respect and did not argue the issue in his direct appeal. 18 Mass. App. Ct. 945 (1984). See *Commonwealth* v. *Antobenedetto,* 366 Mass. 51, 58 (1974); *Commonwealth* v. *Miranda,* 22 Mass. App. Ct. 10, 14 (1986). The Commonwealth concedes in this appeal that this instruction was in error. The defendant argues that there was a jurisdictional defect that can be raised at any time, as the defendant was convicted on an indictment which failed to allege an element of the crime on which the judge charged the jury. The defendant contends that the appropriate relief is a remand for resentencing on so much of the indictment as charges the lesser included offense of rape. The defendant's reliance on the cases which he cites is misplaced. See *Commonwealth* v. *Andler,* 247 Mass. 580, 582 (1924) (complaint set

forth no crime); *Commonwealth* v. *Burns,* 8 Mass. App. Ct. 194, 195-196 (1979) (indictment failed to allege essential element of crime); *Commonwealth* v. *Rowe,* 18 Mass. App. Ct. 926 (1984) (same).

Assuming, without deciding, that the issue is properly before us, the short answer to the defendant's argument is that (1) the indictment properly charged aggravating elements under G. L. c. 265, § 22(*a*), (2) the judge properly instructed the jury on one of those elements — armed robbery, and (3) the jury convicted the defendant of armed robbery.

The case is remanded to the Superior Court for proceedings consistent with this opinion.

*So ordered.*