COMMONWEALTH vs. DAVID REID.

Berkshire. April 8, 1987. — August 3, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Assistance of counsel, Failure to make objection, Judicial discretion, Impeachment by prior conviction, Instructions to jury. *Evidence,* Prior conviction, Other offense, Judicial discretion. *Witness,* Impeachment, Child, Competency. *Rape. Indecent Assault and Battery. Consent. Rape-Shield Statute.*

Although at the trial of indictments charging statutory rape and assault and battery the prosecution introduced records of fourteen prior convictions, including five involving assaults or threats, to impeach the defendant's credibility; and although, as a result of defense counsel's failure to file a motion in limine to exclude the convictions or to make an objection to their admission, the judge was not called upon to exercise his discretion with respect to the admission of each conviction, it was held that there was no risk of a miscarriage of justice requiring a new trial where, given the fact that since the defendant's prior convictions were not necessarily substantially similar to either crime charged, the judge could properly have exercised his discretion, if he had had the opportunity, to admit the prior convictions, it could not be said that defense counsel's conduct with regard to the prior convictions deprived the defendant of an otherwise available ground of defense. [537-540]

At the trial of an indictment charging statutory rape, defense counsel did not demonstrate serious incompetency falling measurably below conduct which might be expected from an ordinary, fallible lawyer in failing to request a required finding of not guilty due to lack of evidence of penetration and failing to present lack of penetration as a defense, where the evidence was sufficient to permit the jury to infer that penetration had occurred. [540-541]

At the trial of an indictment charging statutory rape, the judge did not err in omitting from his charge to the jury an instruction regarding indecent assault and battery as a lesser included offense of statutory rape where, since, at the time of the offense the Commonwealth would have had the burden to prove lack of consent, or lack of capacity to consent, to indecent assault and battery of a child, it was not a lesser included offense within the crime of statutory rape. [541]

A criminal defendant failed to demonstrate that he had received ineffective assistance of counsel at the trial of an indictment charging him with

statutory rape by his counsel's failure to file a motion under G. L.
c. 233, § 21B, the Rape-Shield Statute, to introduce evidence that the
victim herself may have caused the physical condition which suggested
penetration, where the judge indicated he would allow such testimony
but the defendant never introduced the evidence. [541-542]
At the trial of an indictment charging statutory rape, the judge's ruling,
over objection by defense counsel, that the child victim was competent
to testify, was not clearly erroneous; nor was the voir dire of the child
inadequate. [542-543]

INDICTMENTS found and returned in the Superior Court De-
partment on February 19, 1985.

The cases were tried before *Raymond R. Cross,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Francis X. Spina* for the defendant.

*Lee Diane Flournoy,* Assistant District Attorney, for the
Commonwealth.

LYNCH, J. Following a jury trial in the Superior Court in
Berkshire County, the defendant, David Reid, was found guilty
of rape of a child without force, and assault and battery. In
the Appeals Court the defendant claimed error in the following
respects: the trial judge's not charging the jury regarding inde-
cent assault and battery as a lesser included offense of the rape
of a child without force; the exclusion of evidence that the
victim herself may have caused the condition which suggested
penetration; and the judge's failure to conduct a complete voir
dire on the issue of the victim's competency. He also claimed
ineffective assistance of counsel in that his trial counsel failed
to move for a required finding of not guilty on the basis of
lack of evidence that the defendant penetrated the victim; failed
to request an instruction regarding the lesser included offense
of indecent assault and battery; failed to refer in his closing to
the lack of evidence of penetration; and failed to file a motion
in limine seeking to exclude certain of the defendant's prior
convictions. Finally, ineffective assistance of counsel is
claimed in that trial counsel failed to comply with the Rape-
Shield Law, G. L. c. 233, § 21B (1984 ed.), in attempting to

introduce evidence from a social worker, regarding her obser-
vations that the victim engaged in excessive touching of herself
in the genital area.

The Appeals Court ordered a new trial in order that the trial
judge be given an opportunity to exercise his discretion with
regard to the defendant's prior convictions. *Commonwealth* v.
*Reid,* 22 Mass. App. Ct. 730, 735 (1986). The court decided
that there was a likelihood that, had the trial judge been asked
to exercise his discretion, he would have excluded those prior
convictions of the defendant that were for assaultive offenses.
*Id.* at 733. Since the judge was not asked to exercise that
discretion, the court was concerned that the use of the defend-
ant's entire record may have led to a miscarriage of justice
where the evidence of guilt was not overwhelming. *Id.* at 734.
The court implicitly based its decision on ineffective assistance
of counsel in determining that better work by counsel might
have resulted in something material for the defense. *Id.* at 735.
See *Commonwealth* v. *Satterfield,* 373 Mass. 109, 115 (1977).
We affirm the judgments of the Superior Court.

1. *Ineffective assistance of counsel.* Even where a defendant
raises ineffective assistance of counsel for the first time on
appeal, the court will review that issue in order to "prevent a
miscarriage of justice." *Commonwealth* v. *Mercado,* 383 Mass.
520, 526 (1981). In the present case, ineffective assistance of
counsel was raised previously in a motion for new trial, albeit
on different grounds.[1] We need not decide whether the present
case should be reviewed under a different standard than where

---

[1] In his motion for new trial the defendant claimed ineffective assistance
of counsel in that trial counsel failed to introduce evidence that babysitters
of the victim other than the defendant had the opportunity to commit the
acts of which the defendant was accused, and that the victim herself may
have inserted objects into herself, thereby causing her symptoms; failed to
introduce the defendant's criminal record on direct examination of the de-
fendant; and failed to introduce evidence that a social worker had investigated
possible sexual abuse of the victim prior to the defendant's involvement
with her. The motion was denied, without hearing, by the trial judge. While
the defendant filed a claim of appeal from that denial, it was not briefed
or argued in the Appeals Court or in this court. Thus, the denial of the
motion for new trial is not before this court.

the claim has been properly raised below because we conclude that the defendant has failed to demonstrate ineffective assistance of counsel.

The defendant claimed, for the first time on appeal, that he was denied effective assistance of counsel under the State and Federal Constitutions because trial counsel failed to move in limine or at trial to exclude certain of his prior convictions or to request limiting instructions. In his motion for new trial and on appeal he claims that trial counsel should have diminished the adverse effect of the introduction of the convictions by eliciting them on direct examination of the defendant. While we agree that it would have been better practice for trial counsel to have at least objected to the introduction of the defendant's prior convictions, we do not believe that prejudice to the defendant resulted.

Ineffective assistance of counsel is governed in this Commonwealth by the standard set forth in *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). We have stated that, if the State standard is met, the Federal standard is necessarily met as well. *Commonwealth* v. *Fuller,* 394 Mass. 251, 256 n.3 (1985). See *Strickland* v. *Washington,* 466 U.S. 668 (1984). Ineffective assistance of counsel does not exist unless the record reveals "serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer" and that such serious incompetency, inefficiency, or inattention "has likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian, supra.* See *Commonwealth* v. *Sylvester, ante* 334, 341 (1987). Normally, the defendant must show that "better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield, supra* at 115.

a. *Admission of prior convictions.* There is no apparent reason for counsel's failure at least to object to the introduction of the defendant's numerous prior convictions. That failure constitutes behavior which fell measurably below that of an ordinary fallible lawyer. In *Commonwealth* v. *Maguire,* 392 Mass. 466, 470 (1984), we held that a trial judge's decision

regarding admission of prior convictions under the statute[2] involves an exercise of discretion which is reviewable by an appellate court. The danger of unfair prejudice is weighed against the probative value of the evidence of prior convictions with regard to credibility. *Id.* See *Commonwealth* v. *Fano, ante* 296 (1987). As early as 1977, we stated that "we would not deny the right of a judge to avoid any question of unfairness by excluding such evidence in a situation where the likely prejudice to the defendant is most intense," where the prior conviction is of a similar crime to that charged and has little relation to untruthfulness. *Commonwealth* v. *Chase,* 372 Mass. 736, 750 (1977). In *Commonwealth* v. *Knight,* 392 Mass. 192, 194 (1984), we clarified that a judge has discretion with regard to admitting or excluding prior convictions.

The trial in the present case was held in September, 1985. The law was well established at that time that a judge must exercise discretion with regard to impeachment of a criminal defendant with prior convictions, and that the decision is reviewable on appeal. Although we can only speculate as to what ruling the trial judge would have made, the ordinary fallible lawyer would usually be expected to at least object to the introduction of the defendant's fourteen prior convictions. In the present case, however, we do not believe that counsel's conduct resulted in prejudice to the defendant.

Although the court has stated that where the prior conviction is for a crime substantially similar or similar in nature to the crime for which the defendant is on trial, the danger of unfair prejudice is most likely to arise, *Commonwealth* v. *Elliot,* 393 Mass. 824, 833 (1985), we have never held that admission of a prior conviction substantially similar to that for which the defendant is on trial is per se error. *Commonwealth* v. *Fano, supra* at 303. The defendant was on trial for rape of a child without force and assault and battery (on that child). He was

---

[2] General Laws c. 233, § 21 (1984 ed.), governs the admission of prior convictions to impeach a witness.

impeached by evidence of fourteen prior convictions, five of which involved assaults or threats.[3]

Some of the prior convictions were dissimilar to either charge, did not involve assaultive behavior, and had a direct bearing on the honesty of the defendant, i.e., possession of stolen property, receiving stolen property, and uttering a forged check. Thus, even under the narrowest standard for admission of prior convictions, there is no apparent basis for excluding all the evidence. None of the prior crimes is notably similar to rape of a child without force. In the rape case, therefore, similarity of the prior conviction would not have been a sound basis for the judge to exercise his discretion in favor of excluding all of the evidence. Furthermore, even though some are similar to the assault and battery charge, we do not believe that under the circumstances of this case it would have been an abuse of discretion not to exclude them. Assault and battery of a police officer and assault and battery with a deadly weapon are not necessarily substantially similar to punching a child.

In *Commonwealth* v. *Elliot, supra* at 833-834, this court suggested that unfair prejudice might arise where a defendant charged with rape was impeached with a prior conviction for rape. The present case does not present the similarity of offenses that existed in *Elliot.* Neither are we presented with a case where a judge believed he had no discretion or admitted the prior convictions *because of* their similarity to the crimes charged. See *Commonwealth* v. *Ruiz, ante* 214 (1987); *Commonwealth* v. *Guilfoyle,* 396 Mass. 1003, 1004 (1985). We have never suggested that an abuse of discretion would arise from the admission of dissimilar prior convictions merely because they are numerous. Even if we assume that the less serious crimes and the motor vehicle violations would have been excluded on a proper motion, it is mere speculation to

---

[3] The convictions were: possession of stolen property, receiving stolen property, uttering a forged check, breaking and entering with intent to commit a felony, breaking and entering in the nighttime and stealing property valued at under $100.00, wanton destruction of property, operating under the influence, operating after suspension, disorderly conduct, assault and battery of a police officer (three convictions; he denied one), assault and battery with a dangerous weapon, and threatening to kill.

assume that the defendant would have been aided in any material way. Under any hypothesis the defendant's credibility would have been impeached by evidence of his conviction of serious criminal offenses. Defense counsel's conduct with regard to the defendant's prior convictions did not deprive the defendant of an otherwise available ground of defense. The trial judge gave an appropriate limiting instruction and the prosecutor made no mention of the prior convictions in her closing argument. The admission of this evidence does not require that the defendant be afforded a new trial.

b. *Required finding of not guilty.* There was no ineffective assistance of counsel based on any of the other grounds claimed by the defendant. While penetration is an element of the crime of rape, *Commonwealth* v. *Gallant,* 373 Mass. 577, 584-585 (1977), the evidence was sufficient to permit the jury to infer that penetration by the defendant had occurred. Thus, a request for a required finding of not guilty due to lack of evidence of penetration would not properly have been allowed. The medical expert testified that his physical examination of the victim in December, 1984, revealed evidence of penetration that was not present at the time he examined her in August, 1984; the examination also revealed a bruise that was three to five days old.[4] The victim testified that, on the same day that the defendant had struck her on the arm, he had touched her in her "private parts" and she demonstrated the latter by taking the pants off the doll provided by the prosecutor and "poking" at the doll. The jury could infer that the blow testified to by the child caused the bruise described by the child's physician. From the child "poking" at the doll in demonstration of the defendant touching the child in her private parts, in light of the other evidence in this case, the jury could infer penetration. No one disputes that the doll was anatomically correct. Furthermore, the child clearly differentiated between the doll's "bottom"

---

[4] Evidence was introduced that the victim told others of the rape. "Fresh complaint" evidence may be admitted to corroborate the victim's testimony. *Commonwealth* v. *Bailey,* 370 Mass. 388, 396 (1976). The judge charged the jury appropriately with regard to the testimony of other witnesses that the victim told them that the defendant had done certain things to her.

and her "private parts." Thus, trial counsel did not demonstrate serious incompetency falling measurably below conduct which might be expected from an ordinary, fallible lawyer, in failing to request such a ruling and failing to present lack of penetration as a defense.

c. *Lesser included offense*. Similarly, the judge did not err in not instructing the jury on what the defendant claims is a lesser included offense to rape of a child, without force, i.e., indecent assault and battery on a child under fourteen. General Laws c. 265, § 23 (1984 ed.), rape of a child without force, contains no element of lack of consent of the child. *Commonwealth* v. *Ellis*, 321 Mass. 669, 670 (1947). At the time of the incident for which the defendant was convicted, indecent assault and battery of a child, G. L. c. 265, § 13B (1984 ed.), contained the element of lack of consent of the child. *Commonwealth* v. *Burke*, 390 Mass. 480, 487-488 (1983). In the 1986 amendment to the statute, the Legislature deemed a child under fourteen to be incapable of consent, thereby vitiating lack of consent as an element. We agree with the Appeals Court, however, that the amendment would not affect a defendant's criminal responsibility prior to the effective date of the statute. See *Commonwealth* v. *Reid, supra* at 736. Thus, since, at the time of the offense in this case, the Commonwealth would have had the burden to prove lack of consent, or lack of capacity to consent, to indecent assault and battery of a child, it was not a lesser included offense within the crime of rape of a child without force. See *Commonwealth* v. *Egerton,* 396 Mass. 499, 503 (1986). Consequently, it was not error for the trial judge to omit such an instruction from his charge to the jury, nor was it ineffective assistance of counsel for trial counsel to fail to request such an instruction.

d. *Rape-Shield Law, G. L. c. 233, § 21B (1984 ed.)*. The defendant claims that trial counsel should have filed a motion under G. L. c. 233, § 21B, to introduce evidence of recent conduct of the victim (masturbation) as the cause of the enlargement of the child's hymenal opening. In a lobby conference, prior to the defendant's introduction of evidence, the testimony of two social workers was discussed. Defense counsel believed

that one had information regarding prior sexual abuse of the child. The judge stated that he would allow evidence regarding any substantiated claim of sexual abuse of the victim by someone other than the defendant. At trial, a social worker who had investigated the case, testified that in July, 1984, she had concluded that the victim had been sexually abused by someone other than the defendant. Defense counsel believed that another social worker could provide testimony that she observed the victim engaged in excessive touching of her own genital area. The judge suggested that this social worker be produced and the prosecutor offered to contact her. The witness was never called to testify by the defense. We fail to see any error in the judge's handling of the testimony (or proposed testimony) of the two social workers, nor has any ineffective assistance of counsel been demonstrated.

2. *Competency of the child victim.* The trial judge's ruling on the competency of the child victim was not erroneous. A judge's decision regarding competency will not be set aside unless clearly erroneous. *Commonwealth* v. *Tatisos,* 238 Mass. 322, 325 (1921). The child must have sufficient "capacity to observe, remember, and give expression to that which she had seen, heard, or experienced." In *Commonwealth* v. *Tatisos, supra,* the court stated that "[t]he ultimate test . . . must depend upon the existence of [an] understanding sufficient to comprehend the difference between truth and falsehood, the wickedness of the latter and the obligation and duty to tell the truth, and, in a general way, belief that failure to perform the obligation will result in punishment." *Id.* The court acknowledged, however, that "[t]he child need not and probably will not understand this in all its fulness; it is unnecessary for her to do so." *Id.* at 325-326.

The child victim was four years old at the time the events alleged in the indictment occurred and five years old at the time of trial. She was questioned by the trial judge and testified that she knew she would be asked things by both lawyers, she had to tell the truth and it would be wrong if she did not tell the truth. Defense counsel complains that adequate voir dire was not conducted, yet, in addition to the judge's questioning

of the child, defense counsel was allowed to question her. The trial judge ruled, over objection by the defense counsel, that the child was competent. We find no error.

*Judgments of the Superior*
*Court affirmed.*