COMMONWEALTH *vs.* RICHARD BARBER.

No. 93-P-1769.

Berkshire. August 3, 1994. - November 9, 1994.

Present: WARNER, C.J., SMITH & IRELAND, JJ.

*Practice, Criminal*, Appeal, Plea, Sentence. *District Attorney. Judge.*

Where a criminal defendant offered guilty pleas to numerous indictments under an agreement with the prosecutor in accordance with Mass.R.Crim.P. 12 (b) (1) (C), and where the judge exceeded the plea recommendation by imposing a suspended from-and-after sentence on one indictment rather than a concurrent committed sentence, without giving the defendant an opportunity to withdraw his guilty plea on that indictment pursuant to Mass.R.Crim.P. 12 (c) (6), this court vacated the sentence and remanded the matter for imposition of a sentence not exceeding the Commonwealth's recommendation or for withdrawal of the plea and a trial. [601-603]

INDICTMENTS found and returned in the Superior Court Department on September 6, 1990.

A motion for leave to withdraw pleas of guilty was heard by *Daniel A. Ford*, J., and a motion for a new trial was considered by him.

*Richard Barber*, pro se.

*Eric Neyman*, Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant was the subject of eight indictments charging him with rape of a child under sixteen years of age, seven indictments charging him with indecent assault and battery on a child under the age of fourteen, seven counts of unnatural and lascivious acts on a child under the age of sixteen, and one indictment charging him with child pornography.

On August 10, 1992, the defendant, after an extended plea colloquy, pleaded guilty to all twenty-three indictments.

Prior to the acceptance of the pleas, the judge was informed that there was no agreement as to the sentence recommendations to be made by the Commonwealth but that the prosecutor and defense counsel had agreed that the defendant would be allowed to withdraw his guilty pleas if the judge exceeded the Commonwealth recommendations.

At the time that the defendant offered his guilty pleas, he was serving a sentence in a Federal prison. The Commonwealth recommended a sentence of a term of years on each indictment, each to be served concurrently with the other, on and after the Federal sentence that the defendant was then serving. Defense counsel recommended a suspended sentence with probation on each indictment to be served concurrently with one another and to take effect on and after the Federal sentence the defendant was then serving. At least twice the judge informed the defendant that if he, the judge, exceeded the Commonwealth's recommendations, he would allow the defendant to withdraw his guilty pleas.

On each indictment, the judge imposed the sentence that had been recommended by the Commonwealth, with one exception. On the indictment charging the defendant with child pornography, in violation of G. L. c. 272, § 29A(a), the judge imposed a sentence of twelve to fifteen years to M.C.I., Cedar Junction, suspended the sentence, and placed the defendant on probation for two years. That sentence was to be served from and after the concurrent sentences imposed on the other indictments.

On August 20, 1993, the defendant filed a pro se motion for a new trial. The basis for his motion was that his pleas were involuntary because: he was under medication, he could not hear, his counsel was ineffective, he did not understand the nature of the charges against him or the consequences of his pleas, and various other allegations.

The motion judge, who was also the plea judge, read the transcript of the plea hearing and, in a thoughtful memorandum, denied the motion. We agree with the judge's reasons and find no error in the denial of the defendant's motion,

which was based, of course, on the grounds raised in the motion itself.

On appeal, however, the defendant raises a new ground in regard to his guilty plea to the indictment charging him with a violation of the child pornography statute. He claims that, because the judge imposed a suspended sentence to be served from and after his prison sentences, rather than the concurrent sentence recommended by the Commonwealth, the judge exceeded the Commonwealth's recommendation and, therefore, the defendant should be allowed to withdraw his guilty plea. Our immediate concern is whether we should entertain the issue at all, considering that it was not raised below. We are aware that a "nonjurisdictional issue not presented at the trial level need not be considered on appeal." *Redgate, petitioner*, 417 Mass. 799, 802 (1994), quoting from *Royal Indem. Co. v. Blakely*, 372 Mass. 86, 88 (1977). The matter, however, has been briefed by the Commonwealth, and we have the complete record before us. Therefore, we think that our best course is to consider the matter and to put it to rest.

We read the record to show that the prosecutor and defense counsel had entered into an agreement that the prosecutor would recommend "a particular sentence or type of punishment with the specific understanding that the defendant . . . reserve[d] the right to request a lesser sentence or different type of punishment." Mass.R.Crim.P. 12(b)(1)(C), 378 Mass. 867 (1979).[1] Once such an agreement has been made, the judge must "inform the defendant that he will not impose a sentence that exceeds the terms of the recommendation without first giving the defendant the right to with-

---

[1] The transcript is garbled at the point where defense counsel is explaining to the judge the nature of the agreement with the prosecutor. However, immediately after defense counsel finished his explanation, the judge stated, "Yes, I certainly will give him the opportunity and what will you be recommending to me, counsel?"

Later, during the colloquy with the defendant, the judge informed the defendant, "I will not exceed the Commonwealth's recommendation and will not impose a sentence more severe unless I let you withdraw your guilty plea . . . ."

draw his plea." Mass.R.Crim.P. 12(c)(2), as amended, 399 Mass. 1215 (1987). The judge complied with this portion of the rule and notified the defendant of his right to withdraw his plea if the judge decided to exceed the Commonwealth's recommendation.

The rule further states that: "[i]f the judge determines that he [or she] will impose a sentence that will exceed an agreed recommendation for a particular sentence or type of punishment under subdivision (b)(1)(C) of this rule . . . after having informed the defendant as provided in subdivision (c)(2) that he [or she] would not do so, he [or she] shall, on the record, advise the defendant personally in open court . . . that he [or she] intends to exceed the terms of the plea recommendation and shall afford the defendant the opportunity to then withdraw his plea." Mass.R.Crim.P. 12(c)(6), as amended, 399 Mass. 1215 (1987). The defendant claims that the judge violated rule 12(c)(6) by not informing the defendant that the judge intended to exceed the terms of the plea recommendation and by not then giving the defendant the opportunity to withdraw his plea to the charge of child pornography.

We begin our analysis by deciding whether the judge exceeded the recommendation of the Commonwealth. On the child pornography indictment, the Commonwealth had recommended a sentence of twelve to fifteen years, M.C.I., Cedar Junction to be served concurrently with the other sentences that the judge imposed. The judge, however, imposed a sentence of twelve to fifteen years to M.C.I., Cedar Junction, suspended the sentence, and placed the defendant on probation for two years. That sentence was to be served from and after the concurrent sentences that were imposed on the other indictments.

A concurrent sentence runs together, in whole or in part, with another sentence. A sentence, direct or suspended, that runs after a prior sentence is not a concurrent sentence. Ordinarily, a suspended sentence is more favorable to a defendant than a direct sentence because, by its terms, it is not a sentence of imprisonment. But here, the Commonwealth's

recommendation of a direct sentence to run concurrently with other sentences was more favorable to the defendant than the imposed suspended sentence because the latter included probationary conditions that would not commence to run until after the completion of the prior sentences.

We recognize that the distinction in this case between the direct concurrent sentence and the from and after suspended sentence is, indeed, a subtle one. That factor undoubtedly accounts for the experienced judge failing to realize that he was actually exceeding the Commonwealth's recommendation. It may also have contributed to the lack of objection by the defendant at the time the suspended sentence was imposed.

In these circumstances, we hold that the judge did exceed the Commonwealth's recommendation on the child pornography indictment. Therefore, the judge was required by the rule to so inform the defendant and allow him an opportunity to withdraw his plea to the child pornography charge.

We order that the sentence imposed on the child pornography charge be vacated and we remand the matter to the plea judge. He may (1) reimpose the sentence, the length of which is not to exceed the Commonwealth's recommendation, or (2) allow the defendant to withdraw his guilty plea and to proceed to trial.

The denial of the motion for a new trial is affirmed as to the other indictments.

*So ordered.*