COMMONWEALTH vs. ROGER GLINES.

No. 94-P-1976.

Essex. November 9, 1995. - February 26, 1996.

Present: KASS, GILLERMAN, & FLANNERY, JJ.

*Practice, Criminal,* Plea, Sentence, New trial, Assistance of counsel. *Judge.*

In a criminal case, the failure of the judge to advise the defendant that he
    might withdraw his plea should the sentence imposed exceed the dispo-
    sition the defendant had requested, in accordance with the then applic-
    able Rule 3 of the Special Rules of Criminal Procedure for District
    Court Criminal Cases in Essex and Hampden Counties, did not require
    the defendant be granted a new trial, where the record established that
    the defendant offering the plea understood the consequences of the
    sentence and voluntarily accepted the sentence imposed, which was
    probation with a longer term of incarceration upon violation of condi-
    tions than the defendant had requested. [99-100]
Where a criminal defendant did not object to the judge's considering certain
    evidence at the hearing on the defendant's motion for a new trial, the is-
    sue could not be raised for the first time on appeal. [100]
There was no merit to the contentions of a criminal defendant that his
    counsel rendered him ineffective assistance at the time the defendant
    pled guilty or that a certain condition of probation the judge imposed
    was unreasonably broad. [100-101]

COMPLAINT received and sworn to in the Peabody Divi-
sion of the District Court Department on March 25, 1991.

A motion for a new trial, filed on August 3, 1993, was
heard by *R. Peter Anderson*, J.

*Thomas B. Vawter* for the defendant.

*Susanne G. Levsen*, Assistant District Attorney, for the
Commonwealth.

KASS, J. At the conclusion of sentencing on two counts of
indecent assault and battery of a child under age fourteen
(G. L. c. 265, § 13B), to which the defendant Glines had
entered a plea of guilty, Glines said to the sentencing judge:
"I appreciate the opportunity to do this. Thank you very
much. I won't let the Commonwealth down."

Slightly more than a year later, Glines violated the terms of his probation. His probation was revoked after hearing, and he was incarcerated to serve two consecutive sentences of two and one-half years, an aggregate of five years, in a house of correction. Thereupon, Glines moved under Mass. R.Crim.P. 30(b), 378 Mass. 900 (1979), for a new trial on the grounds that: (1) the judge who accepted his plea had erred in conducting the plea colloquy; (2) he had received ineffective assistance of counsel; and (3) the probation condition he had violated was unreasonably broad. The same judge of the District Court who had taken the plea from Glines and imposed sentence on him conducted an evidentiary hearing on Glines' motion for a new trial and denied the motion. From that denial, Glines has appealed. We affirm.

Under a special rule then applicable in Essex and Hampden counties, the judge, as part of the plea colloquy, was required to advise the defendant that, should the sentence imposed exceed the disposition the defendant had requested, the defendant could withdraw his plea of guilty. St. 1986, c. 537, § 19, relating to District Court trials in Essex and Hampden counties. Rule 3 of Special Rules of Criminal Procedure for District Court Criminal Cases in Essex and Hampden Counties. Compare Mass.R.Crim.P. 12 (c)(2), as amended, 399 Mass. 1215 (1987).[1] In the transcript of the plea and sentencing proceedings, which was made from an audiotape, the judge did not impart to Glines that he could withdraw his plea should the judge exceed the sentence that the defendant had requested. Earlier exchanges between the judge and counsel were not recorded because of a power outage at the Peabody courthouse and its environs.

Glines had requested that he receive a sentence of two

---

[1]Rule 12(c)(2) states the more familiar procedure that requires the judge to inform the defendant that the judge will not impose a sentence that exceeds the terms of the prosecution's sentencing recommendation without first giving the defendant the right to withdraw his plea. Statutes 1986, c. 537, § 19, the special Essex and Hampden rule, became effective July 1, 1987, for criminal prosecutions commenced, as determined by date of arrest or issuance of a criminal complaint, on or after that date. St. 1986, c. 537, § 26. The rule was due to expire on July 1, 1989, if not previously extended. St. 1986, c. 537, § 27. The rule was extended until July 1, 1991, by St. 1989, c. 188, § 2, until July 1, 1993, by St. 1992, c. 133, § 581, at which time the rule expired. The entry and withdrawal of criminal pleas in Hampden and Essex counties currently are governed by Mass.R.Crim.P. 12, as amended, 399 Mass. 1215-1216 (1987).

concurrent two and one-half year terms in the house of correction, those sentences to be suspended for a five-year probationary period. The terms of probation, in addition — obviously — to not offending again, would include strict adherence to a program of behavior therapy, pharmacological consultation, and supervision. The consequence of violating probation would be two and one-half years of incarceration. The government had asked for sentencing which would have required two and one-half years to be served and another two and one-half years on probationary terms, so that Glines would serve a total of five years were he to violate the terms of probation. The sentences the judge imposed were two consecutive (on-and-after) two and one-half year terms, a total of five years, the sentences to be "stayed"[2] for a five-year probationary period. Under those sentences, a lapse during the probationary period would cost the defendant five years of incarceration, but if he stuck to his remedial program and did not offend, he would serve no time at all; hence the defendant's effusive thanks and pledge to the judge at the end of the plea and sentencing proceedings.

In terms of the primary ground urged by the defendant on his appeal, the following exchange during the sentencing proceedings is germane:

UNIDENTIFIED [apparently a probation officer]: "Another question I had about your sentence, Your Honor, is it my understanding that the two-and-a-half years and then another two-and-a-half years on and after, so if he violates, he will go to jail for five years, not two-and-a-half years."

THE COURT: "Five years."

MR. BARTON. [defense counsel]: "The defendant understands that."

---

[2]The judge advisedly "stayed" rather than suspended the sentences. No question has been raised about the appropriateness of the use of a stay of execution of sentence in circumstances such as these, and we, therefore, inquire no further into the subject. Ordinarily, a judge would employ a stay only to allow a convicted person to arrange his or her affairs, or in circumstances such as are described in *Commonwealth* v. *Hodge (No. 1)*, 380 Mass. 851, 855 (1980), pending determination of an appeal.

Glines, relying heavily on *Commonwealth* v. *Barber*, 37 Mass. App. Ct. 599, 602-603 (1994), argues that the failure of the judge to advise him that he might withdraw his plea should the sentence imposed exceed the terms of his (i.e., the defendant's) disposition request violated special rule 3, was plain error, and entitles him to a new trial. The question is not so pat, and we are of opinion that if the record establishes that the defendant offering the plea understood the consequences of the sentence and voluntarily embraced that sentence, the trial court judge, in the exercise of discretion, may deny the motion for a new trial.

As in *Barber*, whether the sentence imposed exceeded what had been recommended[3] was less than obvious. The defendant had asked for no jail time and five years probation, and that is what he got. The difference was in the imposition of consecutive, rather than concurrent sentences and the resulting more serious consequences of a violation of probation. That Glines would serve five years if he violated probation was expressly discussed as part of the plea-sentencing proceedings. His lawyer pronounced that Glines understood he would do five years if he violated probation. The strong inference to be made is that the matter had been discussed with Glines. On the point of the defendant's understanding, the power outage comes into play.

During the outage, so the judge found in findings of fact made in support of his denial of the motion for a new trial, there was a lobby conference that included the prosecutor, defense counsel, and a probation officer. We summarize the balance of the judge's findings pertinent to our decision. At that conference, the judge asked the probation officer "to look into this case further and give me a recommendation for an appropriate disposition." The chief probation officer (Cowles) thereafter met with the defendant's counsel and then, with counsel's permission, with the defendant alone for about half an hour. From those discussions, a recommendation emerged in accordance with the sentence ultimately imposed by the judge. Much of the detail involved the terms of probation, which we need not elaborate for purposes of this decision. Cowles told defense counsel what the judge's sentence would be and counsel informed his client. Counsel also

---

[3]In *Barber* the judge exceeded the Commonwealth's sentencing recommendation.

informed the defendant that if he did not agree with the sentence, he could go to trial.

As indicated, the defendant was little short of ecstatic about the sentence. Then came the parting exchange, a portion of which we have previously quoted:

> THE COURT: "Mr. Glines, I hope that you do succeed. I know from the discussion that I had with Mr. Cowles that the Probation Office is going to try to help you, but they're also going to watch you very closely."

> GLINES: "I appreciate the opportunity to do this. Thank you very much. I won't let the Commonwealth down."

The unconditional reading that the defendant gives to *Commonwealth* v. *Barber*, 37 Mass. at 602-603, ignores the point, explicated in *Commonwealth* v. *Nolan*, 19 Mass. 491, 494-501 (1985), that underlying the rules relating to withdrawal of guilty pleas and the cases that led to the rules' formulation is the principle that the defendant must have "offered the plea voluntarily and knowingly." See also *Boykin* v. *Alabama*, 395 U.S. 238, 242-243 (1969); *Commonwealth* v. *Foster*, 368 Mass. 100, 106 (1975). A slip in the protocol[4] prescribed by rule 12 does not entitle a defendant to withdraw a guilty plea if it "did not significantly affect the substance of the particular requirement." *Commonwealth* v. *Nolan*, 19 Mass. at 496. *Commonwealth* v. *Clerico*, 35 Mass. App. Ct. 407, 413 (1993). See also *Commonwealth* v. *Dozier*, 24 Mass. App. Ct. 961 (1987); *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. 662, 663-665 (1989).

In view of the evidence that Glines knew that he would serve five years if he violated probation, that his lawyer had discussed with him the alternative of going to trial, and Glines's expressed delight in his sentence, the judge had strong support for his finding that Glines had made the plea knowingly and voluntarily. The judge was right to deny the defendant's motion for a new trial, an action which, in any

---

[4]Over-all, the colloquy the judge conducted with the defendant was a model of thoroughness and care in explaining things to the defendant. Indeed, Glines responded less mechanically than is frequently the case. Asked whether he admitted the facts of the offenses as recited by the assistant district attorney, the defendant challenged certain details of the prosecution's account.

event, we would not reverse unless doing so was required to avoid "manifest injustice." *Commonwealth* v. *Gagliardi*, 418 Mass. 562, 565 (1994), cert. denied, 115 S. Ct. 753 (1995). To the contrary, ordering a new trial on the facts presented would acquiesce in and invite opportunistic and mischievous manipulation of the plea process.

Glines argues that he presented his motion for a new trial solely on the basis of the record made at the time of the plea and sentencing proceedings, and that the motion judge erred in considering evidence beyond the boundaries of that record. A defendant attacking a conviction has the choice of: (1) standing on the record made during the colloquy and sentencing, or (2) offering evidence to supplement the record. *Commonwealth* v. *Foster*, 368 Mass. 100, 108 nn.6 & 7 (1975). *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. at 492. Although Glines asserts he adopted the former course, he in fact followed the latter. His memorandum of law in support of his motion for a new trial touches on facts not in the contemporaneous record of the plea and sentencing proceedings. The defendant also participated enthusiastically in the evidentiary hearing on the new trial motion. That hearing ranged beyond what had been recorded in the transcript about the plea and sentencing. The defense made no objection to the additional material then and cannot do so now on appeal.

We may deal summarily with the defendant's other points on appeal. It is an impertinence to suggest that trial counsel, Mr. Barton, rendered ineffective assistance to his client by not calling upon the judge to advise the defendant that he might withdraw his plea. The sentence imposed was close to the disposition for which Mr. Barton had argued, generous to his client, and afforded his client a chance to avoid jail time entirely if he conformed to his probationary program. Mr. Barton had advised his client he could reject the proposed sentence and stand trial. Fairly measured, Mr. Barton was outstandingly effective in representing his client. As to counsel's failing to avoid inclusion of the term of probation that tripped Glines up, there was a hearing (before a different District Court judge) about adding it to the previous list of conditions. What was being added was that Glines not be in the company of children under age seventeen without another adult present. The subject had come up when Glines announced his intention at a probation meeting to give music lessons to children. Given Glines's background, the new

condition was a reasonable precaution and drawn with adequate specificity, not vague or overbroad, as appellate counsel maintains. Mr. Barton acted sensibly in advising his client to accept the condition.

*Denial of motion for a new trial affirmed.*