RAMADAN S. SHABAZZ[1] vs. COMMONWEALTH.

Suffolk. May 4, 1982. — August 27, 1982.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal*, Sentence, Postconviction relief, Double jeopardy. *Constitutional Law*, Double jeopardy.

At the trial of indictments for the murder of two persons and the armed robbery of one of the victims, all the crimes arising out of a single incident, the judge erred in imposing a term of life imprisonment for the armed robbery to be served "from and after" the expiration of the two concurrent life sentences for murder in the first degree where there was a possibility that the convictions of murder in the first degree were based on a felony-murder theory and rested on the armed robbery for which the consecutive sentence was imposed. [293-295]

In a proceeding for postconviction relief, this court declined to order the restructuring of the defendant's two concurrent life sentences for murder in the first degree and a sentence of life imprisonment for armed robbery, to be served from and after the other life sentences, so as to make the life sentences for murder in the first degree consecutive and the armed robbery sentence concurrent with the first life sentence for murder inasmuch as such restructuring would have imposed a more severe aggregate punishment than was in place when the defendant successfully challenged as unlawful the consecutive sentence for armed robbery. [295-296]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on March 8, 1979.

The case was reported by *Abrams*, J.

*Daniel F. Featherston, Jr. (Susan S. Riedel* with him) for Ramadan S. Shabazz.

*Robert A. Marra, Jr.*, Legal Assistant to the District Attorney *(Michael J. Traft*, Assistant District Attorney, with him) for the Commonwealth.

---

[1] Also known as James Hall.

WILKINS, J.   The plaintiff (Shabazz) is serving two con-
current life sentences for murder in the first degree of one
Thorn and of one Jeffreys, and a sentence of life imprison-
ment for armed robbery of Thorn, to be served from and
after the other life sentences.   These crimes all arose out of a
single incident.   *Commonwealth* v. *Hall*, 369 Mass. 715
(1976).   Shabazz argues that the convictions of murder
could have been based on the theory of felony-murder and
that, therefore, the "from and after" sentence for armed
robbery is constitutionally barred under the Fifth Amend-
ment to the Constitution of the United States.   We agree
with this conclusion, although we note the result is the same
under the law of the Commonwealth.   See *Commonwealth*
v. *Wilson*, 381 Mass. 90 (1980).   The question then arises
whether this court can and should order the restructuring of
Shabazz's sentences so as to make the life sentences for
murder in the first degree consecutive and the armed rob-
bery sentence concurrent with the first life sentence for
murder.   We conclude that we should not do so.

The case is before us on reservation and report by a single
justice of this court, on an amended petition for a writ of er-
ror (see now Mass. R. Crim. P. 30, 378 Mass. 900 [1979]),
cross motions for summary judgment, and an "Agreed
Statement of Facts."   We summarize the facts agreed to by
the parties.   Shabazz was convicted on March 21, 1972, of
all three crimes.   The evidence would have supported con-
victions of murder in the first degree under either a theory
of felony-murder or deliberately premeditated murder, and
the judge so charged the jury.   There is no indication on the
trial record as to which theory the jury relied on in return-
ing guilty verdicts on the murder indictments.   The judge
sentenced Shabazz to death on each murder indictment and
to life imprisonment on the armed robbery indictment, the
latter sentence to run from and after the death sentences. In
*Commonwealth* v. *Hall*, 369 Mass. 715, 737 (1976), this
court affirmed Shabazz's convictions but remanded the
murder indictments to the Superior Court for imposition of
sentences of life imprisonment, leaving the question whether

the sentences should be concurrent or consecutive to the discretion of the trial judge. The judge imposed consecutive life sentences on the murder indictments, the armed robbery sentence to remain from and after the expiration of the sentences on the murder indictments.

Shabazz then appealed his consecutive sentence on one murder indictment to the Appellate Division of the Superior Court which, on November 29, 1976, amended the sentence to make it run concurrently with the other life sentence for murder. Subsequently, Shabazz unsuccessfully appealed the length of his sentence for armed robbery to the Appellate Division of the Superior Court. In May, 1979, after entry of this petition for a writ of error in the Supreme Judicial Court for the county of Suffolk and the appointment of counsel, Shabazz obtained a rehearing before the Appellate Division on the constitutionality of having the armed robbery sentence served consecutively with his life sentences for murder. The Appellate Division without opinion denied Shabazz's appeal on November 27, 1979.

Because Shabazz is serving two concurrent life sentences without the possibility of parole (unless those sentences are commuted, see G. L. c. 265, § 2), one might wonder as to the significance to Shabazz of a consecutive sentence for armed robbery. It is agreed that, because of the consecutive life sentence for armed robbery, Shabazz is denied the benefit of rehabilitative programs for which he would otherwise be eligible.[2]

1. We consider first the question whether it is permissible for Shabazz to be sentenced to life imprisonment for the murders of Thorn and Jeffreys and to be sentenced to a consecutive term of life imprisonment for the armed robbery of Thorn. In *Commonwealth* v. *Wilson*, 381 Mass. 90, 124 (1980), we held that such a consecutive sentence could not stand where there was a possibility that the conviction of

---

[2] These programs include hospital volunteer programs and the Department of Correction's programs in State schools. He has "reached the limits as to school programs at MCI-Norfolk."

murder in the first degree rested on the underlying felony for which the consecutive sentence was imposed. We relied on the long-standing rule in the Commonwealth that "where convictions are returned under two statutes, unless 'each statute requires proof of an additional fact which the other does not,' consecutive sentences may not be imposed." *Id.*, quoting from *Morey* v. *Commonwealth,* 108 Mass. 433, 434 (1871). In short, the "same evidence" rule bars the imposition on Shabazz of a consecutive sentence for the armed robbery. See *Commonwealth* v. *Stewart,* 375 Mass. 380, 392-393 (1978).

Our determinations have not been based on the double jeopardy clause of the Fifth Amendment to the Constitution of the United States (applicable to the States through the Fourteenth Amendment) or on whatever comparable principle may be found in the Constitution of the Commonwealth (there being no explicit double jeopardy clause). It appears, however, that our conclusions have been consistent with the views expressed by the Supreme Court of the United States concerning double jeopardy. See *Brown* v. *Ohio,* 432 U.S. 161, 165-166 (1977); *Blockburger* v. *United States,* 284 U.S. 299, 304 (1932).

The Commonwealth points to dicta in *Albernaz* v. *United States,* 450 U.S. 333, 344 (1981), which suggest that double jeopardy principles are not violated where there is a clear indication that the legislative branch intended to impose multiple punishments for two offenses, even where each statutory offense does not require proof of a fact not involved in the other offense. See *Whalen* v. *United States,* 445 U.S. 684, 689-690 (1980); *Brown* v. *Ohio, supra* at 165. Admittedly, the crimes of murder and armed robbery are distinct crimes, but we find no "clear indication" (*Albernaz* v. *United States, supra* at 340) of a legislative intent, contrary to our general common law rule, to impose multiple punishments for these two crimes. Only when there is such a clear expression of intent would the common law rule, and perhaps any constitutional bar to multiple punishments, not apply.

We thus agree that Shabazz's consecutive sentence for armed robbery cannot stand. It is inconsistent with the common law rule in this Commonwealth and with the double jeopardy clause of the Fifth Amendment to the Constitution of the United States.

2. We come then to the Commonwealth's argument that the case should be remanded to the Appellate Division for the imposition of a life sentence on the armed robbery conviction to run concurrently with the life sentence for the murder of Thorn and for the imposition of a consecutive life sentence on the other murder conviction. We are not dealing here with sentences that are, by statute, subject to judicial reconsideration during a certain period of time and thus not final for double jeopardy purposes. See *Aldoupolis* v. *Commonwealth*, 386 Mass. 260, 274-275 (1982); *United States* v. *DiFrancesco*, 449 U.S. 117, 138-139 (1980). The sentences on all three convictions were final once the Appellate Division of the Superior Court acted with respect to them. G. L. c. 278, § 28B.[3] There are suggestions that a reopening of such final and unappealed sentences to increase them would run afoul of the double jeopardy clause. See *McHoul* v. *Commonwealth*, 365 Mass. 465, 469 (1974); *Chandler* v. *United States*, 468 F.2d 834, 837 (5th Cir. 1972); *Walsh* v. *Picard*, 446 F.2d 1209, 1211 (1st Cir. 1971). There may be a procedural question whether this court has the authority to reopen the unchallenged sentences for redetermination, quite apart from any double jeopardy question. There is authority, however, supporting the view that a successful challenge to one sentence imposed at the same time as other sentences (as is the case here),[4] opens up all the

---

[3] This court has no general power to review the severity or leniency of a sentence that falls within the range permitted by statute. See *Commonwealth* v. *Wilson*, 381 Mass. 90, 125 (1980); *Commonwealth* v. *Appleby*, 380 Mass. 296, 312 (1980).

[4] The sentences were imposed on all indictments at the conclusion of the trial. The sentences of death were vacated by order of this court in *Commonwealth* v. *Hall*, 369 Mass. 715, 737 (1976), but, for the purposes of this case, the sentences may fairly be regarded as imposed at the same time and as interdependent.

interdependent, lawful sentences for reconsideration without violating the double jeopardy clause, at least if the aggregate of the original sentences is not to be increased. See *United States* v. *Busic,* 639 F.2d 940, 947-948, 951 n.12 (3d Cir.), cert. denied, 452 U.S. 918 (1981); *United States* v. *Hodges,* 628 F.2d 350, 353 (5th Cir. 1980); *McClain* v. *United States,* 527 F. Supp. 209, 219-223 (S.D.N.Y. 1981).

We need not decide whether, on a successful challenge to the legality of one sentence, this court may properly order reconsideration of all lawful, interdependent sentences to which a defendant raised no challenge. Here, the Commonwealth proposes a restructuring of Shabazz's sentence that would result in the imposition of a more severe aggregate punishment than was in place when Shabazz brought this challenge to the unlawful sentence for armed robbery. If two consecutive life sentences without the possibility of parole were now imposed, as the Commonwealth urges, Shabazz would be worse off than he was when he had two concurrent life sentences without the possibility of parole followed by a life sentence (for armed robbery) subject to parole. We are aware of no authority, in the face of a double jeopardy challenge, supporting an increase in aggregate punishment by adjustment of unchallenged, final sentences upon the invalidation of another interdependent sentence. Such a possibility would chill the exercise of a defendant's right to challenge an unlawful sentence. To increase Shabazz's aggregate sentence would be essentially unfair. It would violate the double jeopardy clause and would be contrary to the common law of this Commonwealth.[5]

---

[5] One might argue that Shabazz has been permitted to "beat the system." It may be fairly inferred that the Appellate Division concluded that Shabazz should serve two concurrent life sentences for murder, to be followed by a life sentence for armed robbery. However, in the sense of the aggregate amount of time Shabazz must serve, the change resulting from this challenge to his armed robbery sentence should make no difference. Shabazz may not be released on parole without receiving a commutation of his sentences for murder in the first degree. His only prospect of release on parole depends on his receiving pardons by the Governor by and with the advice of the Council. See Part II, c. 2, § 1, art. 8, of the

An order shall be entered in the Supreme Judicial Court for the county of Suffolk vacating the sentence on the armed robbery indictment (indictment 58887). Shabazz shall be resentenced in the Superior Court to a life sentence on the armed robbery indictment, the sentence to be served concurrently with the two life sentences on the two murder indictments.

*So ordered.*

---

Constitution of the Commonwealth, as amended by art. 73 of the Amendments; G. L. c. 127, § 152. All the circumstances relating to the various sentences imposed on Shabazz will be known to the appropriate authorities if the question of a pardon or pardons is considered. Shabazz has not "beaten the system." He has been given his rights under the law, and the system will still function to do justice to him and to the Commonwealth.