Lester J. RICHARD, Petitioner,

v.

William F. CALLAHAN, et al.,
Respondents.

Civ. A. No. 81–1129–N.

United States District Court,
D. Massachusetts.

March 31, 1983.

John P. Osler, Mass Correctional Legal Services, Inc., Boston, Mass., for petitioner.

Linda G. Katz, Asst. Atty. Gen., Boston, Mass., for respondents.

## MEMORANDUM AND ORDER

DAVID S. NELSON, District Judge.

This is a federal *habeas corpus* petition, pursuant to 28 U.S.C. § 2254. Petitioner Lester Richard challenges the consecutive sentences he is serving for murder and armed robbery, as a violation of both due process and the constitutional prohibition against double jeopardy. Respondent Commonwealth of Massachusetts has filed a motion to dismiss, asserting that petitioner fails to state a claim. Because I agree that Richard does not state a federal constitutional claim, I find that federal jurisdiction does not lie and hereby DISMISS the petition.

Lester Richard was tried by the Commonwealth of Massachusetts along with several co-defendants in March of 1968 for first-degree murder, armed robbery and other related offenses in connection with a 1967 robbery at a Springfield, Massachusetts package store. On March 19, 1968, after twelve days of trial and closing arguments, Richard plead guilty to several of the indictments, along with four of his co-defendants. Richard plead to so much of the murder indictment as charged murder in the second degree, to armed robbery, and to conspiracy to commit armed robbery. He received a sentence of life imprisonment on the murder indictment and fifteen to thirty years on the armed robbery indictment.

The Court ordered the latter to be served on and after the life sentence. The indictment charging conspiracy to commit murder was placed on file. After the guilty pleas were tendered, nolle prosequis were entered on the remaining related indictments, including that of conspiracy to murder.

Richard challenged the legality of his consecutive sentence for armed robbery before the Massachusetts Supreme Judicial Court (SJC) in 1981. He claimed that his second-degree murder conviction was based on a felony murder theory, and that as a result, his consecutive sentence for the underlying felony of armed robbery was illegal, citing two recent decisions of the SJC.[1] The court disagreed and affirmed Richard's consecutive sentences. *Richard v. Commonwealth,* 382 Mass. 300, 1981 Mass.Adv.Sh. 127, 415 N.E.2d 201.

Richard now brings his claim to the federal court, recasting it in an attempt to implicate a federal constitutional issue. His theories are two: 1) that the SJC's allowance of his consecutive sentence exceeds the punishment authorized by Massachusetts law and 2) that the SJC's distinction, for purposes of consecutive sentencing, between a defendant convicted by a jury and a defendant who pleads guilty is a distinction which violates due process. I find that neither theory actually supports a constitutional claim.

*The Double Jeopardy Claim*

As petitioner must concede, recent Supreme Court precedent has firmly constricted the reach of the double jeopardy clause. First *Whalen v. U.S.,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), then *Albernaz v. U.S.,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), and most recently *Missouri v. Hunter,* —— U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) teach that "with respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Hunter* at ——, 103 S.Ct. at 678. Thus the only viable inquiry to petitioner's double jeopardy claim is whether or not Richard's sentence is authorized by the Massachusetts legislature. I find that I am bound by the Massachusetts Supreme Judicial Court's determination of this question, and that a reasonable reading of its opinion in *Richard* indicates that they found his sentence to be so authorized.

■ Clearly the SJC is the ultimate arbiter of state legislative intent. *Brown v. Ohio,* 432 U.S. 161, 167, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977), *citing Garner v. Louisiana,* 368 U.S. 157, 169, 82 S.Ct. 248, 254, 7 L.Ed.2d 207 (1961). As Justice Rehnquist observed in his *Whalen* dissent, "[T]he question in such cases is not whether the lower court 'misread' the statutes or its own common law, but rather who does the reading in the first place." *Whalen* 445 U.S. at 706–7, 100 S.Ct. at 1445. The SJC has devoted considerable attention to the issue of consecutive sentencing in the felony murder context over the past five years.[2] First, in *Commonwealth v. Stewart,* 375 Mass. 380, 377 N.E.2d 693 (1978), the court held that when "the Commonwealth has elected to proceed solely on the ground that the murder was committed in the commission or attempted commission of a crime punishable by life imprisonment, consecutive sentences for the homicide and the underlying felony are inappropriate and excessive." *Id.* at 390, 377 N.E.2d 693. In *Stewart,* the trial judge instructed the jury solely on a theory of felony murder. Two years later, in *Commonwealth v. Wilson,* 381 Mass. 90, 1980 Mass.Adv.Sh. 1627, 407 N.E.2d 1229, a trial judge had instructed the jury not only on a felony murder theo-

---

1. *Commonwealth v. Wilson,* 381 Mass. 90, 1980 Mass.Adv.Sh. 1627, 407 N.E.2d 1229; *Commonwealth v. Stewart,* 375 Mass. 380, 377 N.E.2d 693 (1978).

2. It is no coincidence that this development postdated Richard's sentencing. For it is fair to suggest that had these decisions already been in place, the trial judge who received Richard's plea and sentenced him would have clarified any alleged ambiguity in the murder plea. *See Richard,* 382 Mass. at —— n. 11, 1981 Mass.Adv.Sh. at 135 n. 11, 415 N.E.2d 201.

ry, but also on a theory of premeditated murder. The SJC refused to limit *Stewart* to cases in which the jury verdict necessarily rested solely on a felony murder theory, holding instead that "whenever the possibility exists that a jury might have reached a verdict of murder in the first degree on the basis of a felony murder theory, a consecutive sentence may not be imposed for the underlying felony." *Wilson* 381 Mass. at ——, 1980 Mass.Adv.Sh. at 1660, 407 N.E.2d 1229. Although the SJC did not speak directly to legislative intent in either of these cases, I find the requisite double jeopardy analysis to be implicit in these holdings. That is, in neither *Stewart* nor *Wilson* could the sentences be authorized by the Massachusetts legislature.

■ On the strength of this precedent, Richard represented before the SJC that his consecutive sentences should be vacated. As the prosecutor in his case presented both felony murder and joint venture theories to support first-degree murder, Richard claims that there was ambiguity in his plea, and that in fact he may have been pleading to facts sufficient to establish felony murder. If so, he further claims that his "double" sentence is unauthorized.

The SJC distinguished Richard's case and affirmed the sentence. While the court agreed with Richard that there was insufficient evidence on the record to conclusively establish the *theoretical* basis for his plea, it did find an ample *factual* basis to support the permissable, joint venture theory. *Richard* 382 Mass. 300, 415 N.E.2d 201. Thus finding a factual basis for the plea and the sentence, the court distinguished Richard's case from the foregoing precedent: "we are dealing here, not with jury verdicts of murder, but with guilty pleas to second-degree murder. Nothing that we have said in *Stewart* or *Wilson* makes the principles of those cases applicable to such guilty pleas." *Id.* The fact that the SJC did not specifically reference legislative intent does not detract from the force of its opinion. Completely aware of its own standards for authorizing consecutive sentences, the court

determined that Richard's sentences fell within that authorization.

This interpretation is bolstered by decisions subsequent to *Richard*. The court affirmed the distinction between jury verdicts of murder and guilty pleas in *Porter v. Superintendent,* 383 Mass. 111, 417 N.E.2d 1199 (1981), and it provided a legislative intent analysis for vacating consecutive sentences in the jury verdict context in *Shabazz v. Commonwealth,* 387 Mass. 291, 439 N.E.2d 760 (1982). Thus the highest state court has clearly ruled on the propriety of consecutive sentencing in the two contrasting circumstances. This court will not review that determination on a double jeopardy theory.

*The Due Process Claim*

Perhaps cognizant of the limits of his double jeopardy claim, the petitioner pleads in the alternative that the distinction forged by the SJC is a violation of due process rights. Petitioner would have me believe that he was caused to "waive" protection from consecutive sentencing by pleading guilty, and that any such forced waiver is fundamentally unfair. I reject this analysis.

It is axiomatic that one who pleads guilty is "bargaining" for different treatment than one who submits himself to a jury verdict. In this case Richard bargained to avoid the penalties attaching to a first-degree murder conviction, including life imprisonment without parole and the then existing risk of capital punishment.

■ It is clear from the SJC's more expanded treatment of the issue in *Porter* that it bases its distinction on a matter of proof. In *Stewart,* it was uncontroverted that the jury had employed a felony murder theory. In *Wilson,* although the jury's reasoning was no longer clear, the court elected to indulge the petitioner's inference, granting him the traditional benefit of the doubt. The court broke with this indulgence however, in the context of guilty pleas. Both *Richard* and *Porter* involved challenges based on very old records. In one case, the trial judge was actually de-

ceased. Reconstructing the understanding of the parties to the guilty plea was well nigh an impossible task for the reviewing court. Thus it determined that a petitioner challenging a sentence imposed upon a guilty plea to second-degree murder must bear the burden of proving that the plea rested on a felony murder theory. Petitioner asks that I shift this burden simply because some ambiguity exists as to the theory of his plea. This I decline to do. I find the distinction drawn by the Massachusetts Supreme Judicial Court in this case to be a rational one, implicating no due process considerations. I therefore hold that petitioner does not state a due process claim.

For the reasons outlined above, I find that federal jurisdiction does not lie and hereby DISMISS the petition.

SO ORDERED.