COMMONWEALTH vs. WELDON E. BURDEN.

No. 97-P-2291.

Suffolk. June 3, 1999. - November 19, 1999.

Present: JACOBS, LAURENCE, & BECK, JJ.

*Armed Assault in a Dwelling. Breaking and Entering. Rape. Practice, Criminal,* Sentence, Duplicative punishment, Double jeopardy, Indictment placed on file.

In a criminal case in which the defendant moved to correct his sentences, there was no error in the judge's restructuring the order of the defendant's sentences, in his reopening consideration of interdependent sentences, or in filing certain convictions without the defendant's consent, where the judge's rulings and decision lawfully implemented the sentencing objectives of the trial judge and Appellate Division, eliminated any apparent illegalities in sentencing, and did not increase the punishment. [234-237]

INDICTMENTS found and returned in the Superior Court Department on March 26, 1981.

Following review by this court, 15 Mass. App. Ct. 666 (1983), a motion to correct sentence, filed on March 16, 1988, was heard by *Robert V. Mulkern*, J., and a second motion to correct sentence, filed on August 3, 1995, was heard by *James F. McHugh, III*, J.

*Nancy A. Dolberg* for the defendant.

*Jane A. Sullivan*, Assistant District Attorney, for the Commonwealth.

JACOBS, J. The defendant was convicted by a Superior Court jury in 1981 of second degree murder and other crimes.[1] This court affirmed those convictions in *Commonwealth* v. *Burden,*

---

[1] The defendant's convictions were for second degree murder, G. L. c. 265, § 1 (indictment 34881); aggravated rape, G. L. c. 265, § 22 (indictment 34882); armed assault in a dwelling, G. L. c. 265, § 18A (indictment 34883); breaking and entering in the daytime with intent to commit a felony, G. L. c. 266, § 17 (indictment 34884); and armed robbery, G. L. c. 265, § 17 (indictment 34885).

15 Mass. App. Ct. 666 (1983). Before us is the defendant's appeal from the third revision of his sentences, made by a Superior Court judge in January, 1996. The Commonwealth cross-appeals.

We summarize the defendant's original sentences and the subsequent reordering of them as follows: The sentences imposed after trial comprised two groups. In the first group were a life sentence for second degree murder with a concurrent life sentence for armed robbery and a sentence of not less than eight and not more than ten years for breaking and entering in the daytime, to run concurrently with the two life sentences. The second group comprised a life sentence for armed assault in a dwelling and a concurrent sentence of not less than thirty and not more than forty years for aggravated rape, both to be served from and after the life sentences for second degree murder and armed robbery.

In 1982, the defendant was resentenced by the Appellate Division of the Superior Court[2] which ordered the life sentence for armed assault in a dwelling to be served concurrently with the life sentences for second degree murder and armed robbery and the sentence for breaking and entering. The Appellate Division also ordered the sentence for aggravated rape to be served from and after the four sentences in the first group.[3] Our record does not indicate the reasons for the resentencing.

In 1989, the defendant challenged the Appellate Division's sentences, alleging that the sentence for aggravated rape was duplicative of and could not follow the sentences for armed assault in a dwelling and armed robbery because those crimes were two of the potentially aggravating factors the jury could have considered in deciding whether the defendant had commit-

[2]General Laws c. 278, § 28B, provides that the Appellate Division may review sentences and "shall have jurisdiction to amend the judgment by ordering substituted therefor a different appropriate sentence or sentences or any other disposition of the case which could have been made at the time of the imposition of the sentence or sentences under review, but no sentence shall be increased without giving the defendant an opportunity to be heard. If the appellate division decides that the original sentence or sentences should stand, it shall dismiss the appeal. Its decision shall be final." See *Gavin* v. *Commonwealth*, 367 Mass. 331, 333 (1975).

[3]The Appellate Division dismissed the defendant's appeals from the sentences for breaking and entering and armed robbery.

ted an aggravated rape. A motion judge[4] reordered the sentences, leaving in the first group the life sentence for second degree murder and the sentence for breaking and entering in the daytime. He ordered the life sentences for armed assault in a dwelling and armed robbery to be served concurrently with the sentence for aggravated rape and with each other, and that these three sentences, comprising the second group, be served from and after the two sentences remaining in the first group.

In 1995, the defendant challenged the reordering by the motion judge essentially on the ground, agreed to by the Commonwealth, that the consecutive life sentences imposed resulted in a total sentence greater than the consecutive thirty to forty year sentence which had been imposed by the Appellate Division. A third judge,[5] noting that he "should not ignore the results [his] colleagues have uniformly reached as they considered the very same set of facts over the past 13 years," decided that the appropriate remedy was to "vacate the sentences on armed assault in a dwelling and armed robbery and place those convictions on file without sentencing." Accordingly, the defendant received a life sentence for second degree murder with a concurrent sentence of eight to ten years for breaking and entering and a from and after sentence of thirty to forty years for aggravated rape.

In this appeal, the defendant claims that his sentence for aggravated rape cannot run consecutively to that imposed for breaking and entering because the latter crime was an aggravating factor for the former. The defendant also argues that, because he only challenged the from and after sentence for aggravated rape, the judge erroneously reopened sentences not challenged by him, and therefore it was error to file his convictions for armed robbery and armed assault without his consent. In its cross appeal, the Commonwealth argues that the judge's order vacating the sentence for armed assault should be reversed and remanded for the reimposition of a sentence.

1. *Claim of error in consecutive sentences for aggravated rape and breaking and entering.* The defendant argues that because the jury could have found him guilty of aggravated rape with breaking and entering as the aggravating factor, consecutive sentences should not have been imposed for those

[4]The trial judge had retired.

[5]The motion judge had retired.

convictions. Having now served the sentence for breaking and entering, he claims that he will be subjected to an illegal multiple punishment if he is required to serve a from and after sentence for his conviction of aggravated rape. He asks that his conviction for aggravated rape be filed or changed to a life sentence to run concurrently with the life sentence for second degree murder. Such a resentencing would render the defendant currently eligible for release on parole.[6]

"When two or more sentences are to be served concurrently, the shorter ones are considered to be 'absorbed' within the longer sentence," and a prisoner will not be released "until the expiration of the longer sentence." *Carlino* v. *Commissioner of Correction*, 355 Mass. 159, 161 (1969). Accordingly, the defendant's from and after sentence for aggravated rape is to take effect upon the expiration of the life sentence for murder, the longer of those previously imposed concurrent sentences. Because the sentence for aggravated rape does not begin to run until after the expiration of the life sentence for second degree murder, an earlier vacating of the sentence for breaking and entering would not have benefited the defendant. Moreover, assuming without deciding that the breaking and entering and aggravated rape sentences were duplicative, only the sentence imposed for the more serious crime would be valid, compare *Commonwealth* v. *Grasso*, 375 Mass. 138, 140 (1978), and the appropriate remedy would have been to order the sentence for breaking and entering to run concurrently with that for aggravated rape. Compare *Commonwealth* v. *Martins*, 38 Mass. App. Ct. 636, 637-638, 641 (1995). The upshot is that the defendant has not suffered any multiple punishment.

2. *Alleged error in reopening all sentences.* Relying on *Shabazz* v. *Commonwealth*, 387 Mass. 291, 296 (1982), which left undecided "whether, on a successful challenge to the legality of one sentence, this court may properly order reconsideration of all lawful, interdependent sentences to which a defendant raised no challenge," the defendant urges the "question" raised by that case should be answered in the negative because he only challenged the consecutive sentence for aggravated rape. The defendant is mistaken that his challenge must be so narrowly construed. As the judge concluded, the defendant "is focusing

---

[6]Under G. L. c. 127, § 133A, a prisoner serving a life sentence for second degree murder is eligible for parole upon the expiration of fifteen years of that sentence.

on the illegal combined effect of all sentences, not the illegality of a single sentence." In any event, the abundant authority cited in *Shabazz* v. *Commonwealth, supra* at 295-296, for the proposition that "a successful challenge to one sentence imposed at the same time as other sentences . . . , opens up all the interdependent, lawful sentences for reconsideration without violating the double jeopardy clause, at least if the aggregate of the original sentences is not to be increased," leads us to conclude that the judge did not err in opening up the interdependent sentences for reconsideration. Moreover, we agree with his analysis that there is "nothing in *Shabazz* or implicit in concepts of double jeopardy [that] prohibits a Court from simply vacating an unchallenged sentence in order to make a challenged sentence lawful."

3. *Alleged error in filing convictions without consent.* The defendant questions the judge's decision to file his convictions for armed robbery and armed assault in a dwelling without his consent, suggesting that such a filing may permit the Commonwealth later to request that he be sentenced on those convictions and that he may be unable to effectively appeal from such sentences. See *Commonwealth* v. *Bianco,* 390 Mass. 254, 258-259 (1983). In his decision, the judge concluded that "the proper remedy at this stage — a remedy that removes all traces of illegality from the sentences while preserving the sentence structure's original and essential core — is to vacate [the two sentences] and place those convictions on file without sentencing." The judge correctly viewed the case as one where "judicial error, inevitable to some degree when courts are called upon to apply complex rules to complex facts," should not become a windfall which "work[s] to a defendant's favor."

The judge stated essentially that the defendant sought to eliminate all from and after aspects of his original sentence, but, in reviewing the prior work of the other judges involved with these sentences, he reasonably concluded "all have agreed" that the sentence for aggravated rape should follow the sentence for second degree murder. Accordingly, in seeking a solution which would eliminate the apparent illegalities in the defendant's sentence, but which would preserve its "essential core," the judge rejected the alternative of ordering the sentence for aggravated rape to run concurrently with adjusted sentences for the aggravating crimes and instead chose to vacate those subordinate sentences, leaving intact the from and after relation-

ship, or "essential core," of the defendant's sentence for the more serious crimes of murder and aggravated rape. In doing so, he noted that "[s]uch a result does not increase the punishment . . . imposed by the Appellate Division." Also, noting that the defendant has already received full appellate review of all his convictions, the judge correctly decided that his remedy "constitutes no chill on defendant's exercise of his right to appeal from illegal sentences," and that the usual rule requiring a defendant's consent to filing to protect the right to appeal is inapplicable in this case.

We treat the judge's decision in these circumstances as being confined to lawfully implementing the fundamental sentencing objectives of the trial judge and the Appellate Division and not as affording the Commonwealth an opportunity to increase those sentences. Compare *Commonwealth* v. *Williams*, 23 Mass. App. Ct. 716, 720 (1987). Accordingly, we determine that his order effectively limits the imposition of any new sentences for the filed convictions so that there will be no increase in the aggregate of the "essential core" sentences. Compare *Commonwealth* v. *Delgado*, 367 Mass. 432, 439-440 (1975).[7]

4. *Conclusion.* We discern no error in the judge's restructuring of the defendant's sentences and, therefore, do not disturb his orders that the sentences previously imposed on indictments 34881, 34882, and 34884 are to remain the same. We also affirm his orders on indictments 34883 and 34885 vacating the life sentences previously imposed for armed assault in a dwelling and armed robbery, and placing those convictions on file

___

[7]We decline the Commonwealth's request to reverse the judge's order vacating the sentence for armed assault in a dwelling and placing that conviction on file without sentencing, and to remand either to the Superior Court or to the Appellate Division for imposition of the life sentence imposed by the Appellate Division to run concurrently with the life sentence for second degree murder. The Commonwealth asserts that the judge "mistakenly concluded that the trial judge had identified the offense of armed assault in [a] dwelling as one of the possible aggravating rape elements for a conviction of aggravated rape." No copy of the trial transcript is in our record. The Commonwealth cites a summary of the trial judge's instructions in its response to the defendant's first motion to correct illegal sentences but notes that the trial judge "apparently" did not so instruct the jury. While the absence of a clear record of the judge's instructions alone is a sufficient reason not to consider the Commonwealth's request, we also conclude that no basis for disturbing the judge's order has been demonstrated.